HOME SECURITIES COMPANY, Appellant, v. GEORGE W. TODD, Appellee.

**BROKERS: Compensation—When Earned—Evidence.** Evidence reviewed, and held to show that the broker had earned his commission under the terms of the contract.

**BROKERS: Compensation—Avoidance—Improper Payment to Another.** One who has agreed to pay his broker a commission may not avoid paying the same by settling with another who was merely assisting the broker, but was not his partner.

*Appeal from Des Moines Municipal Court.*—O. S. FRANKLIN, Judge.

NOVEMBER 26, 1917.

ACTION for the commission alleged to have been earned in finding a purchaser for real estate resulted in a directed verdict and judgment thereon for defendant. The plaintiff appeals.—*Reversed.*

*Chas. L. Snyder,* for appellant.

*A. L. Steele,* for appellee.

LADD, J.—The action is by plaintiff, as assignee of Snyder Bros., a copartnership engaged in the real estate business, to recover for services rendered in finding a pur-

chaser for defendant's residence, located in the city of
Des Moines. He listed it for sale with said firm, with the
understanding that a commission would be paid, if a pur-
chaser were found. 5 per cent on the first $1,000 and 2½
per cent on the remainder of the purchase price is con-
ceded to be reasonable compensation for such services.
Subsequent to listing the property, defendant called at the
firm's office and asked if the house had been advertised the
day before, and, upon receiving a negative answer, asked
that the sale be pushed. Wallace, who was in the room,
inquired what kind of property they were speaking of, and
defendant told him. Wallace then suggested that he knew
a person who wanted to exchange an automobile for a
house and, on inquiry, said the automobile was a "six-
cylinder Buick," and priced at $1,200. Thereupon, W. L.
Snyder inquired of defendant if he would trade. The lat-
ter said he didn't know; whereupon Snyder remarked:

"Your property has been listed with us for $5,500.
You have been talking of taking $5,200. They always exag-
gerate the price of a secondhand automobile. You put
your price to $6,000, take the $1,200 automobile, and get
$4,800."

Defendant replied, "By George, I will do it." There-
upon, Snyder told Wallace to take defendant over and in-
troduce him to the proposed purchaser. Wallace perti-
nently inquired, "What will I get out of it?" and Snyder
said, "I will split the commission." Snyder testified that
"Todd was standing by my desk and heard it." Wallace
then went out with Todd and introduced him to Sharp, and
they exchanged on the terms suggested by Snyder. Subse-
quently, defendant and Sharp each paid Wallace $15 for his
services, and the former declined to consider Snyder Bros.'
claim for compensation.

Such was the evidence, and, as we think, it would have
warranted a finding by the jury that a commission was

earned, in that a purchaser was found, and that Snyder Bros. were entitled to at least half of it.   Wallace was assisting the firm in bringing defendant and the proposed purchaser together, on the express agreement that he and the firm would divide the commission to be earned.   That defendant knew of this arrangement is undisputed, and, as he proceeded to take advantage thereof without objection, he would not seem to be in a situation to object to the payment of a commission for the services rendered.   But appellee suggests that, inasmuch as Wallace was acting for Snyder Bros., and the terms of sale on which a purchaser must have been found had not been agreed upon, it was competent for Wallace, defendant and Sharp to settle upon the amount of compensation for the agent's services, as a part of the terms of exchange.   The trouble with this is that no such a state of facts is inferable from the evidence, or at least the jury might have found otherwise.   For all that appears, Wallace introduced Sharp to defendant, and they exchanged properties and thereafter settled with Wallace.   But, as the jury might well have found that Snyder Bros. were entitled to one half of the commission, and this defendant so knew, he could not settle with that firm by paying Wallace, the latter being in no sense a partner.

2. BROKERS: compensation: avoidance: improper payment to another.

The court erred in sustaining a motion to direct, and the judgment is—*Reversed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.